```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
                                                                   :
           -v-                                                     :     21-cr-0600 (LJL)
                                                                   :
ISAIAH MOSS,                                                       :     MEMORANDUM AND
                                                                   :         ORDER
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/15/2022

LEWIS J. LIMAN, United States District Judge:

Petitioner Isaiah Moss moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Dkt. No. 14.

Mr. Moss waived indictment and pled guilty before me on September 30, 2021 to a single-count Information charging him with failure to appear in violation of 18 U.S.C. §§ 3146(a)(2) and (b)(1)(A)(i).  Dkt. Nos. 6, 7.  On November 9, 2021, I sentenced Mr. Moss to a term of imprisonment of three months to run consecutive to his unfinished term of imprisonment of eighty-four months in 19-cr-0166 for aiding and abetting a gang-related murder; in light of Mr. Moss's medical condition, I recommended that the Bureau of Prisons designate him to a medical facility close to New York City.  Dkt. No. 11.  The sentence represented a variance from the sentencing guidelines range of eight to fourteen months.  I determined that the variance was appropriate in light of Mr. Moss's self-surrender only a short period of time after he was scheduled to report, the absence of evidence of an attempt to flee, his efforts to improve himself while on bail, the lengthy sentence imposed by Judge Caproni in 19-cr-0166, which was sufficient to serve the interests of specific deterrence and incapacitation, and his limited criminal history prior to the case before Judge Caproni.  Dkt. No. 12 at 19–24.  I also specifically

accounted for the fact that Mr. Moss has suffered from sickle cell anemia throughout his life and that his disease would make the time he would have to serve "somewhat harder time." *Id.* at 24.

In his petition, Mr. Moss argues that his medical condition is extraordinary and compelling. As a result of his sickle cell anemia, he is forced to go regularly to the local hospital for intravenous treatment with the consequence that he cannot participate in programs at the prison that would give him financial support and good time credit. He notes that his health condition places him at risk if he becomes infected. He also argues that he has been the subject of Eighth Amendment violations, including being forced to use showers that are unclean and that create the risk of infection. Finally, he asks the Court to look at the facts of his case including that he was not a gang member and thus does not present a risk to society. Mr. Moss states that thirty days have lapsed since he sent a request to the warden of the facility, to which he received no response, and that as a result he has satisfied the administrative exhaustion requirements of the statute.

Section 3582(c)(1)(A)(i) provides that a district court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce" the term of a defendant's imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before reducing a defendant's sentence, a district court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A). "In evaluating compassionate-release motions, 'courts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early

release would impact the aims of the original sentence.'" *United States v. Harper*, 2022 WL 599037, at *1 (2d Cir. Mar. 1, 2021) (summary order) (first quoting *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020); and then citing *United States v. Kanter*, 853 F. App'x 723, 726–27 (2d Cir. 2021)). A conclusion that a reduction of the defendant's sentence would not be consistent with Section 3553(a) provides an "independent basis" to deny compassionate release. *United States v. Fleming*, 5 F.4th 189, 194 (2d Cir. 2021); *see also Harper*, 2022 WL 599037, at *1; *United States v. DeJesus*, 2022 WL 1284563, at *1 (S.D.N.Y. Apr. 29, 2022); *United States v. Hunter*, 2022 WL 2288688, at *1 (2d Cir. June 24, 2022) (summary order) ("The statute imposes three independent, necessary requirements for release: exhaustion of remedies, existence of an extraordinary and compelling reason for sentence reduction, and that the § 3553 factors warrant reduction. If any one requirement is not satisfied, the district court may deny the motion without considering the remaining requirements.").

Mr. Moss's petition does not provide sufficient grounds for the Court to reduce the sentence it imposed on him. The thrust of his application focuses on the sentence imposed in Judge Caproni's case, 19-cr-0166. The factors with respect to his conduct that he mentions in his petition—not being a gang member, the claim that he did not possess or discharge a weapon, the claim that he did not know that his codefendant had a firearm in his possession—are not relevant to the failure to appear charge on which I sentenced him. I did not sentence Mr. Moss on the basis that he was a gang member, or that he possessed or discharged a weapon, or that his codefendant had a firearm in his possession; as such, the claims that he now makes are not relevant to my consideration of the Section 3553(a) factors in the case before me. I sentenced Mr. Moss for his failure to appear. I did specifically consider Mr. Moss's health conditions in imposing sentence, and they were one of several bases for the variance. Thus, leaving aside the

question whether his petition presents compelling and extraordinary circumstances and assuming that he has satisfied the administrative exhaustion requirements, Mr. Moss has not established that reduction of his sentence would be consistent with the Section 3553(a) factors. At the time of Mr. Moss's sentence, I stated that he took the law into his own hands, betrayed the confidence that had been placed in him by the court, and "violated one of the things that's most sacred in a system that's governed by the rule of law, the notion that everybody, no matter how mighty they might be, no matter what their circumstances are in life, ha[s] to comply with orders of the Court." Dkt. No. 12 at 21. I also concluded that the interests of general deterrence would not be served by a sentence of one day, which Mr. Moss's lawyer had recommended, or by one month and that the three-month sentence was necessary to send a message to others who might not be ready to surrender and who would take the law into their own hands. *Id.* at 22. Those factors have the same force today as they did in November 2021, when I sentenced Mr. Moss. A reduction of Mr. Moss's sentence would not be consistent with Section 3553(a). Accordingly, Mr. Moss's motion for compassionate release is denied.

Mr. Moss's petition does present factors that are addressed to Judge Caproni's case. He also claims constitutional violations in connection with his conditions of confinement. Nothing in this Order should be understood to reflect a view on the merits of a petition to Judge Caproni, should Mr. Moss choose to make one, or on the merits of a separate lawsuit based on his conditions of confinement, should Mr. Moss conclude in good faith that there is a basis for such a lawsuit.

SO ORDERED.

Dated: July 15, 2022
      New York, New York

                                                LEWIS J. LIMAN
                                         United States District Judge